Matter of Fournier v Perez
2026 NY Slip Op 04063
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF MARISSA FOURNIER, PETITIONER-APPELLANT,
v
JUAN RODRIGUEZ PEREZ, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
303 CAF 25-00368
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

DIPASQUALE LAW PLLC, ROCHESTER (ANDREW J. DIPASQUALE OF COUNSEL), FOR PETITIONER-APPELLANT.

Appeal from an order of the Family Court, Onondaga County (Anthony C. LaValle, R.), dated December 10, 2024, in a proceeding pursuant to Family Court Act article 8. The order dismissed the petition.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Onondaga County, for further proceedings on the petition.
Memorandum: In this proceeding pursuant to Family Court Act article 8, petitioner appeals from an order dismissing a family offense petition that she filed against her estranged husband. The order, issued by a Court Attorney Referee after only one court appearance, stated that dismissal was warranted due to "insufficient evidence of a family offense." During the sole court appearance, the purpose of which was for the Referee to determine whether to issue a temporary order of protection on petitioner's behalf (see Family Ct Act § 828 [1] [a]), petitioner refused to consent to having the Referee hear and determine her petition. Respondent was not present, so he did not consent either. We agree with petitioner that the Referee lacked jurisdiction to dismiss the petition.
"A referee derives authority from an order of reference by the court (see CPLR 4311), which can be made only upon consent of the parties, except in limited circumstances" (Matter of Rivera v Arocho, 120 AD3d 1350, 1351 [2d Dept 2014]; see CPLR 4317). "Absent the parties' consent to the reference, the . . . [r]eferee ha[s] the power only to hear and report [their] findings" (Rivera, 120 AD3d at 1351 [emphasis added]; see CPLR 4317 [a]; McCormack v McCormack, 174 AD2d 612, 613 [2d Dept 1991]). An appropriate order of reference is thus an "essential jurisdictional predicate" to the authority of the referee to act (Gershon v Cunningham, 88 AD3d 944, 945 [2d Dept 2011] [internal quotation marks omitted]; see Falanga v Hillabrant, 208 AD3d 1308, 1312 [2d Dept 2022]), and a referee "who attempts to determine matters not referred to [them] by the order of reference acts beyond and in excess of [their] jurisdiction" (McCormack, 174 AD2d at 613).
Here, as noted, petitioner never consented to the Referee hearing the matter. Although CPLR 4317 (b) permits a referee to hear and determine an issue without the consent of the parties where the trial of the issue "will require the examination of a long account," where the issue is one "of damages separately triable and not requiring a trial by jury," or "where otherwise authorized by law," none of those exceptions to the consent requirement applies here. Thus, the Referee "lacked jurisdiction to dismiss the petition" (Matter of David S.S. v Mia B.M., 48 AD3d 1246, 1246 [4th Dept 2008]; see Rivera, 120 AD3d at 1351), even without prejudice. We note in any event that, absent a fact-finding hearing, which did not take place, the Referee had no grounds to dismiss the petition based on insufficient evidence.
We further conclude that reversal is also required because the Referee failed to inform petitioner of her right to counsel. Petitioner was entitled to assigned counsel on her family offense petition (see Family Ct Act § 262 [a] [ii]; Matter of Aleman v Lansch, 158 AD3d 790, 792 [2d Dept 2018]), and the record on appeal does not establish that she was ever informed of that statutory right or waived that right (see Matter of Melissa H. v Shameer S., 100 AD3d 535, 535 [1st Dept 2012]; cf. Matter of Phelps v Hunter, 101 AD3d 1689, 1689 [4th Dept 2012], lv denied 20 NY3d 862 [2013]; Matter of Samora v Coutsoukis, 292 AD2d 390, 391 [2d Dept 2002], lv denied 99 NY2d 506 [2003]).
Finally, with respect to petitioner's request that this Court remit the matter to a different referee, we note that such assignments should be made by the trial court in the manner prescribed in 22 NYCRR part 36.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court